UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.00-6192-CR-HURLEY

UNITED STATES OF AMERICA

v.

ALFRED FISER,

        DEFENDANT,
_____/




GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

        The United States of America, in response to the Standing Discovery Order issued in this case file this response which is alphabetized and numbered to correspond to that original order and states as follows:

        A.   1.   There are written or recorded statements made by the defendant.  See attached report of interview conducted by .

             2.   The defendant made oral statements after arrest, in this matter in response to interrogation by a then known-to-be government agent.  See attached six (6) page statement of the defendant given to plantation Police detective James D. Murry.

             3.   Defendant did not testify before the grand jury.

             4.   The defendant has a criminal history which is attached.

             5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendant, include but are not limited to: demand note recovered from the World Savings Bank robbery; Lab report identifying Fiser's fingerprints on demand note; FDIC Certificate for World Savings Bank; Video surveillance Photographs of the bank robbery; business card of Al Fisher "So. Fla Property Developers, Inc. with various addresses written on reverse; blank check number 1142 from Alfred L. Fisher account First community National Bank, Missouri; yellow pages; yellow note pad; checkbook of Alfred L. Fiser; State of Missouri vehicle records for license tag 620-LHR; six person photo spread containing photograph of Fiser And five similar looking individuals.

             6.   The results or reports of physical or mental examinations or scientific tests or experiments made in connection



with this case, if any exist, will be provided as soon as they are received by the undersigned.

B.    The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C.    The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976) is as follows: none known.

D.    The existence and substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959) is as follows: none known

E.    None Known

F.    The defendant was identified in a photo spread. Please contact the undersigned to make an appointment to view the original photospread and reports of interview regarding the photospread.

G.    The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

H.    The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b).    Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

I.    The defendant was not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or a person against whom the interception was directed.

J.    The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K.    There are no controlled substances which are the subject of the indictment in this case.

L.    The United States may seize or forfeit any automobile, vessel or aircraft allegedly used in the commission of the offenses in this indictment, the Mercury Topez used by the defendant in the

commission of the offense.

     M.    Latent fingerprints of the defendant were recovered in this case. Latent Finger prints were recovered from the demand note used in the June 30, 2000 robbery of the World Savings Bank. These prints were compared with the known fingerprints of Alfred Fiser and it was determined that the recovered fingerprints matched the known prints of Alfred Fiser.  The lab report of the comparison referenced above will be forwarded upon receipt by this office.

     The United States demands, pursuant to Federal Rule of Criminal Procedure 12.1, notice of the defendant's intention to offer a defense of alibi. The approximate date, time and place at which the alleged offenses were committed are as follows:

    Date:     6/30/2000

    Place     Broward County, Florida

               Respectfully submitted,

               GUY A. LEWIS
               UNITED STATES ATTORNEY

      By:
               Thomas P. Lanigan
               ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of this Government's Response to Standing Discovery Order was mailed this 7th day of August, 2000 to: Lori Barrist, Assistant Federal Public Defender, 400 Australian Ave south suite 300  West Palm Beach, FL 33401.

               Thomas P. Lanigan
               ASSISTANT UNITED STATES ATTORNEY

cc: S/A Eric C. Miller, FBI

STATEMENT OF ALFRED FISER                                CASE #4525-00-06

THE FOLLOWING STATEMENT IS BEING TAKEN BY DETECTIVE JAMES D. MURRAY OF THE CITY OF PLANTATION POLICE DEPARTMENT, BROWARD COUNTY, FLORIDA. THIS STATEMENT IS A CONFESSIONAL STATEMENT, PLANTATION CASE NUMBER 4525-00-06 IN REFERENCE TO A ROBBERY. THIS STATEMENT IS BEING TAKEN AT 2950 N.W. 83RD STREET, MIAMI, FLORIDA, THE METRO DADE POLICE STATION NO. 2 ON JULY 3, 2000. COMMENCING TIME OF THIS STATEMENT IS GOING TO BE 0949 HOURS. THIS STATEMENT IS BEING TAKEN OF A WHITE MALE, ALFRED FISER, D.O.B. OF 09/01/43, RESIDING ADDRESS OF 6024 ROSE TERRACE. PRESENT DURING THIS STATEMENT IS DETECTIVE MIKE DELEO.

---

q     Al, are you aware that we are police officers employed by the City of Plantation?

a     Yes, sir.

q     As a police officer in the State of Florida I am authorized to administer oaths to witnesses in the connection of taking sworn statements during a criminal investigation. At this time please raise your right hand. Do you solemnly swear that the statement you are about to give will be the truth, the whole truth and nothing but the truth so help you God?

a     Yes, sir.

q     Okay, you can lower your hand now. Do you understand that making a false statement under oath is a violation of law and could result in the prosecution of yourself if you make such a false statement to me?

a     Yes.

q     Are you aware this statement is being tape recorded?

a     Yes, sir.

q     Are you aware this state..... I'm sorry, are you making this statement voluntarily?

a     Yes, sir.

q     For the record could you give us your full name, sir?

a     Alfred Lloyd Fiser.

q     Your address?

a     6024 Rose Terrace, Plantation.

STATEMENT OF ALFRED FISER                          CASE #4525-00-06

q   Phone number?

a   Ah....I don't....I don't know the number.

q   And are you presently employed, sir?

a   No, sir.

q   Your last job was with?

a   Ah...well I worked with Dick  Moody on a couple of schools in..in
    Miami.

q   And  then  prior to that were you employed  by the  South Florida
    Properties (unintell)?

a   South Florida Properties Development, yes sir.

q   Um,  before we started  this  statement  I read  you your Miranda
    Warnings which you said that you did understand, correct?

a   Yes, sir.

q   Okay, I'm going to  read  them again to you for  the  record. You
    have the  right to remain silent and  refuse to answer questions,
    do you understand?

a   Yes, sir.

q   Anything you say will be used against you  in a court of law,  do
    you understand?

a   Yes, sir.

q   You  have the right to consult an attorney before speaking to the
    police and have an attorney during any questioning now or in  the
    future, do you understand?

a   Yes, sir.

q   If you cannot  afford and  attorney  one will be provided for you
    without cost, do you understand?

a   Yes, sir.

q   If you decide to answer questions now without an attorney present
    you have  the right to stop answering at any time until you speak
    to an attorney.

a   Yes, sir.

PAGE 2

STATEMENT OF ALFRED EISER                                    CASE #4525-00-06

q    Have you previously requested any law enforcement officer to
     allow you to speak to an attorney here today?

a    No, sir.

q    Now that I have advised you of your rights are you willing to
     answer questions without an attorney present?

a    Yes, sir.

q    And um...Al do you understand what I've said to you?

a    Yes, sir.

q    And you understand that you're waiving your right not to have
     your attorney present, correct?

a    Yes, sir.

q    Have we threatened or made any promises to you, sir?

a    No, sir.

q    And is this statement of your own free will?

a    Yes, it is.

q    Are you ill?

a    No, sir.

q    Are you under any medication currently?

a    Blood pressure.

q    Okay, are you under the influence of alcohol or drugs right now?

a    No, sir.

q    Did you sleep at all last night?

a    Yes, sir.

q    And can you read and write, sir?

a    Yes, sir.

q    And that last grade you attended in school?

STATEMENT OF ALFRED EISER                          ASE #4525-00-06

a   Ah..I had one year of college.

q   Ah..do you know what day of the week today is?

a   Monday.

q   And do you know where we are right now?

a   We're down at...we're in Dade County at the jailhouse.

q   Okay, and you understand that you are currently under arrest, is
    that correct?

a   Yes, sir.

q   For robbery?

a   Yes, sir.

q   Okay.  Prior to us starting this statement we presented you with
    two forms from the Plantation Police Department which are waivers
    to consent and search. One for your 1994 Mercury, Missouri tag
    620LHR and the second for a hotel room that you're currently
    renting at 1395 East 9th Avenue in Hialeah, room 117.

a   Yes, sir.

q   Um, did you read those forms, sir?

a   Yes, sir.

q   Did you sign them?

a   Yes, sir.

q   Giving us permission to search?

a   Yes, sir.

q   Knowing that you didn't have to sign them?

a   Right.

q   That was of your own free will?

a   Sure.

q   And um, you know why your under arrest now, correct?

a   Yes.

PAGE 4

STATEMENT OF ALFRED FISER                                  CASE #4525-00-06

q   Why is that?

a   I robbed a bank.

q   Okay. On what day did this occur?

a   Last Friday.

q   Would that be June the 30th?

a   (unintell) yes.

q   Approximately what time did you ah....

a   It was around ...I think it was around noon.

q   Okay, and were you involved in this alone, sir?

a   Yes, sir.

q   Ah, how did you go about this robbery?

a   I just...I wrote a note and went in a gave it to one of the
    tellers and then went in the back...in the back room. Two of the
    tellers went in the back room and then ah, then an older
    gentleman came back there (unintell) the teller was and older
    lady and a young guy and an older guy came back there in the back
    and he got the money out of...out of the wall thing.

q   Out of what? The safe?

a   I don't think it was a safe. It was more like a cabinet.

q   Okay, was it a locked drawer?

a   I don't know whether it was locked or not.

q   Okay. What happened next?

a   I left the bank and um, rode around for awhile. Drove to Miami.
    Um, went over to Citrus Grove School talked to ah, some of the
    guys that I used to work with and then went to ah, I went..I went
    to the motel. (unintell) and got some dope and then went to the
    motel where I been since then.

q   Okay. Backing up into...to Friday...or last week we'll back up,
    you were recently fired from your job, is that correct?

a   No, sir.

STATEMENT OF ALFRED EISER                              CASE #4525-00-06

q   Did you leave your job with Mr. Moody?

a   Yes, sir. I left.

q   Okay, and what did you do for Mr. Moody?

a   It was a ....when I was working for South Florida Property
    Developers I got into a personality conflict with the owner's
    son.

q   Okay, did you work construction with Mr. Moody?

a   Uh-mmm. (affirmative)

q   Okay, um, and basic....is that your only source of income, sir?

a   Yes, sir.

q   Okay, and are you out of money?

a   Uh-mmm. (affirmative)

q   Are you behind on your rent, where you currently rent?

a   Yes, sir. I'm about four hundred and fifty dollars behind.

q   Okay, and have you reached out to your family for any money?

a   Yes, sir.

q   They weren't able to help you?

a   No, sir.

q   Did you tell your sister you'd know how to take care of it when
    she wasn't able to help you?

a   I don't remember saying anything.

q   Okay, that's alright. Um, how did you...how did you pick the bank
    that you robbed?

a   I copied down four or five addresses out of the yellow pages.

q   Is that the phone book that's in your room?

a   Yes, sir.

q   Okay.

PAGE 6

STATEMENT OF ALFRED FISER                                    CASE #4525-00-98

a    And then um, just rode ...I rode around and looked at them.

q    You looked at each of the banks you...

a    Well, I only... I only looked at three of them.

q    Okay and one in Lauderhill, one in Fort Lauderdale and one in Plantation?

a    Uh-mmm. (affirmative)

q    Okay, and um, do you remember where you wrote that address... those addresses down on?

a    No, sir.

q    Okay um, you took the addresses with you I guess when you went looking for the banks?

a    Right, I had them in my shirt pocket.

q    Okay, and um, which bank did you eventually pick?

a    The one out there off of Broward Boulevard, I think.

q    Were you real familiar with the area out there?

a    No, sir.

q    Okay, is 850 Nob Hill...North Nob Hill Road...

a    Nob Hill, Nob Hill.

q    Does that sound correct?

a    Yes.

q    Do you remember the name of that bank, sir?

a    No, sir.

q    Can you describe it or why you picked that one?

a    I think it was because it was just out there by itself.

q    Separate from any other buildings, is that what you mean?

a    Right.

PAGE 7

STATEMENT OF ALFRED FISER                                    CASE #4525-00-06

q    Does it sit real close to Nob Hill Road?

a    It's right...I think it's right  on  the  corner of  Nob Hill  and Broward.

q    And Broward? Okay.

a    I'm not sure of that but I think...

q    Alright, um...remember the color of the bank?

a    No response.

q    Alright, um...do you remember the name of it?

a    No, sir.

q    Was it World Savings Bank?

a    Yes, sir.

q    Does that sound familiar?

a    That sounds familiar.

q    Okay.

a    I think  there was...there was  only two  of those  banks  in the book..in the phone book.

q    Okay, and you  went in and was the teller that you walked up to a male or female?

a    It was a lady.

q    How many tellers were there?

a    I think there  was two up front and there was one at the driveway through place.

q    Okay, and you..you approached a lady teller and gav..passed her a note?

a    Yes, sir.

q    And where did you get that note from?

a    I wrote it on a..on a yellow pad.

q    Okay, and do you remember what that note said?

STATEMENT OF ALFRED FISER                                    CASE #4525-00-06

a    Give me forty-six hundred dollars.

q    Was there any type of...I'm sorry. Go ahead.

a    In...in fives, tens and twenties and no red dye.

q    Or any...was there any consequences if they didn't follow through with your action?

a    I don't remember.

q    For the record I'm showing you a photo copy of a note recovered from the World Savings Bank on Friday, June the 30th. Is that your hand writing, sir?

a    It is. I wrote that note.

q    Can you read it for us?

a    Please put forty-six hundred dollars in an envelope, fives, tens, twenties and fifties, no dye or we all die. Thank you.

q    Is that your note?

a    Yes, sir.

q    Okay and did you have any weapons with you that day, sir?

a    No, sir.

q    And you said...earlier you had said that there was a younger, a tall, younger man with the teller?

a    Yes, sir. The teller that I gave the note was an older lady. Not old but you know she was probably forty or forty-five and ah, then there was a tall, younger guy. She showed him the note.

q    Is that when they went in the back?

a    And then they went in the back and I went around and went into the back room with them.

q    Through the door that's marked "Employees Only" do you remember?

a    I don't remember.

q    Okay. Did you make further...like further demands when you went in the back?

PAGE 9

a   (unintelligible) older guy, the manager or the president or whatever he came back there and took the note. I don't remember whether I had the envelope or...or they had the envelope. But he put the money in a um....and I remember asking him "is that forty-six hundred dollars?" and he counted it again and he said "forty...." he said....he said "there's forty-seven hundred dollars".

q   Okay, and before we started this statement we and after you were placed under Miranda we had talked about this envelope and you said that you had it folded in the left front shirt pocket.

a   Yes, sir. I went to the Post Office that morning and bought it and put it in my shirt.

q   Is that why you bought it?

a   Uh-mmm. (affirmative)

q   For this reason?

a   Uh-mmm. (affirmative)

q   Okay. Did you ah...was there anything else in your shirt pocket that day that you remember?

a   No, I don't think so. I don't know.

q   You bought this envelope specifically so that you could put the money in it after the robbery?

a   Yes.

q   Okay, and um, before we started this statement I also showed you a photograph of a ah....or a photo copy of a...what appears to be one of your business cards.

a   It is.

q   From South Florida Property Developers?

a   Yes, sir.

q   And ah, from an old bank account of yours out of Missouri?

a   Yes, sir.

q   Okay, um, they...did you have those with you that day?

a   No, I don't think so. I don't know.

STATEMENT OF ALFRED FISER                                    CASE #4525-00-05

q     You don't remember?

a     No response.

q     Is it possible that you had them in your pocket that day?

a     It's possible.

q     Okay, and you left...is it possible that you left them at the
      bank?

a     (laughter)

q     Um, why forty-six hundred dollars, Al?

a     I don't know. It seemed like....I don't know.

q     Has anybody been threatening you for money?

a     No.

q     Are you ah...do you owe anybody any money?

a     No.

q     Um, do you have a drug habit?

a     Yes, sir.

q     Have you spent all the money that you obtained?

a     Yes, sir.

q     Do you remember how much you got?

a     I think around twenty-one or twenty-two hundred dollars.

q     Okay and what did you spend that money on?

a     Drugs.

q     Okay um, before we started this statement, again you had told me
      that you spot about eight hundred dollars in crack?

a     Right and then I gave....I gave the rest of it away.

q     To?

a     The prostitute.

STATEMENT OF ALFRED FISER                           CASE #4525-00-06

q   Okay, you pay for prostitution, you wouldn't be giving away would you?

a   Ri....well, yeah.

q   Also did some of that money go for your hotel room?

a   Yes, yes. I stayed three days (unintell) motel.

q   That's the El Presidente?

a   I don't know what the name of it is?

q   Okay, where the police found you this morning?

a   Yes, sir.

q   That's where your hotel is?

a   Yes, sir.

q   Room 117?

a   I wasn't...I wasn't in my room when they caught me. I just ..I had wok...I had been awake for about a half hour and I had walked around (unintell)

q   Sure, I understand. Is there ah....your car and um, the ...the notepad for the ah, that you wrote this note on...

a   Yes, sir.

q   Where would that notepad be?

a   In the back seat.

q   Okay, and um, can you describe the notepad?

a   Just a yellow legal pad.

q   Okay.

a   I think it's the....the pad that I...the sheet that I tore off should be towards the back of it because I got probably fifteen or eighteen pages of .....of scribbling and notes.

q   Sure. The clothes that you're wearing right now, are those the same clothes you wore that day?

a   Yes, sir.

PAGE 12

STATEMENT OF ALFRED EISEN                                    CASE #4525-00-06

q    Down to your shoes?

a    Yes, sir.

q    Okay, and ah, were you wearing anything else?

a    No, sir. Yeah....I had a hat.

q    Okay, where would that hat be right now?

a    I wouldn't know.

q    Do you remember what kind of hat is was?

a    Just a...

q    Baseball hat?

a    Uh-mmm. (affirmative)

q    Do you remember what color it was?

a    Blue.

q    It was blue?

a    Blue or black.

q    Okay um, do you remember what it said on the front of it?

a    It might of said either "Midstate Paving" or.. I've had  a couple
     of hats with a...with a tractor company up in Missouri.

q    Would that be John Deere?

a    Mmmm....

q    Yeah?

a    Yes, sir.

q    And um, what car did you use during the robbery?

a    My red car.

q    Is that your 1994 Mercury Topaz?

a    Yes, sir.

STATEMENT OF ALFRED FISER                          CASE #4525-00-06

q    With Missouri tag 620LHK?

a    Yes, sir.

q    And no one else was involved in this robbery?

a    No, sir.

q    And all the money is gone?

a    Yes, sir.

q    And the envelope that you put the money in, where  would  that be
     at?

a    Probably in the car.

q    Detective DeLeo?


Detective DeLeo:

q    Nothing.


Detective Murray:

q    Al, is there  anything that  you'd like to tell us  at  this time
     (unintell)?

a    (unintell)

q    Is there  anything that  you'd  like to take away  or delete from
     this statement that is not true?

a    No, sir.

q    Okay,  concluding  time  of this  statement  is going to be  1011
     hours.


     TRANSCRIBED BY CHERYL M. DOYON, 05 JULY 2000. (4525-00-06)



**Al Fiser**
**Project Manager**
**& Estimator**

## So.Fla Property Developers, Inc
### Engineering Contractors
### Heavy Equipment Rental

PO Box 700213
Miami, FL 33170

(305) 255-9446
Fax 232-9597
Email: sfpd@pkdata.com

---

**ALFRED L. FISER**   10-95
573-860-3507
1608 E. SPRINGFIELD, LOT 1
SULLIVAN, MO. 63080-1363

1142

80-1059/815

DATE _____

PAY TO THE
ORDER OF _____   $ _____

_____ DOLLARS

FIRST COMMUNITY
National Bank

Bourbon  573-775-2151
Cuba     573-885-3500
Sullivan 573-468-3141
Vienna   573-422-6200

FOR _____

⑃081510593⑃   0618535⑃   1142

---

Please Put 4600⁰⁰ in Envelope
5-10-20-50s . No Die, or We All
Die

Thank You

ENDORSE HERE:

X

DO NOT SIGN / WRITE / STAMP BELOW THIS LINE
FOR FINANCIAL INSTITUTION USE ONLY

FEDERAL RESERVE BANK REGULATION CC

C  FLFBIMM0102119555                          CCALLARI

-FLORIDA CCH RESPONSE -
TN/CALLARI
C.DLE/02119555.PUR/C.ATN/CALLARI
        SID NUMBER: 2119555   PURPOSE CODE:C        PAGE:  1
        BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME,
        A NEW COPY SHOULD BE REQUESTED WHEN NEEDED FOR FUTURE USE
                        FLORIDA   CRIMINAL   HISTORY
NAME                            STATE ID NO.   FBI NO.      DATE REQUESTED
ISER, ALFRED LOYD               FL 02119555    547443N       07/13/2000
EX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE  SKIN  DOC NO.
   W    09/01/1943  5'11''   200    BLU   BLN   YY
- CONTINUED -

        SID NUMBER: 2119555   PURPOSE CODE:C        PAGE:  2

FINGERPRINT CLASS   SOCIAL SECURITY NO.   MISCELLANEOUS NO.     SCR/MRK/TAT
9 TT TT 11 06       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
2 03 02 08 03
N AFIS - 2
OCCUPATION               ADDRESS                  CITY/STATE
                        6024 ROSE TERR            PLANTATION, FL
AKA                      DOB           SOC           SCR/MRK/TAT
-----------------------------------------------------------------
FISHER, ALFRED          01/09/1943
FIBER, ALFRED
- CONTINUED--

        SID NUMBER: 2119555   PURPOSE CODE:C        PAGE:  3

ARREST-   1   09/21/1983   OBTS NO.-
  ARREST AGENCY -WEST PALM BEACH POLICE DEPARTMENT       (FL0500000)
  AGENCY CASE-98348                       OFFENSE DATE-09/21/1983
  CHARGE 001 -POSSESS STOLEN VEH
              STATUTE/ORDINANCE FL812-014      LEVEL-FELONY
              DISP-TURNED OVER TO ANOTHER AGENCY
                 FL0500000 NO 84994
    CHARGE 002 -VEH THEFT
              AUTO
              STATUTE/ORDINANCE FL812-014      LEVEL-FELONY
              DISP-TURNED OVER TO ANOTHER AGENCY
                 FL0500000 NO 84994
- CONTINUED - -

        SID NUMBER: 2119555   PURPOSE CODE:C        PAGE:  4

    CHARGE 003 -PROB VIOLATION
              REF ISSUE WORTH CHKS
              STATUTE/ORDINANCE FL948-06       LEVEL-
              DISP-TURNED OVER TO ANOTHER AGENCY
                 FL0500000 NO 84994
  JUDICIAL-
    AGENCY-15TH CIRCUIT COURT - WEST PALM BEACH       (FL0500015J)
    CHARGE 001 -COURT SEQ            COURT NO. -83005736CFA0?
        COURT DATA-POSSESS STOLEN VEH-
              STATUTE/ORDINANCE -           LEVEL-FELONY
              DISP-DATE-01/30/1984          DISP-ADJ WITHHELD

SID NUMBER: 2119555   PURPOSE CODE:C            PAGE:  5

ARREST    2    04/06/1985   OBTS NO.
  ARREST AGENCY-PALM BEACH COUNTY SHERIFF'S OFFICE            (FL0500000)
    AGENCY CASE-84994                          OFFENSE DATE
    CHARGE 001-PROB VIOLATION-
            REF FAIL TO REDELIV HIRED VEH
            STATUTE/ORDINANCE FL948-06             LEVEL-

ARREST--   3    06/04/1985   OBTS NO.
  ARREST AGENCY-PALM BEACH COUNTY SHERIFF'S OFFICE            (FL0500000)
    AGENCY CASE-84994                          OFFENSE DATE-
    CHARGE 001-FAILURE TO APPEAR
            REF FAIL REDELIV HIRED VEH
            STATUTE/ORDINANCE FL901-11             LEVEL-
--CONTINUED--

        SID NUMBER: 2119555   PURPOSE CODE:C            PAGE:  6

ARREST   4    09/17/1985   OBTS NO.
  ARREST AGENCY-PALM BEACH COUNTY SHERIFF'S OFFICE            (FL0500000)
    AGENCY CASE-84994                          OFFENSE DATE-
    CHARGE 001-FAILURE TO APPEAR
            REF FAIL TO REDELIV HIRE VEH
            STATUTE/ORDINANCE FL901-11             LEVEL-

ARREST   5    03/21/1991   OBTS NO.-0002440203
  ARREST AGENCY-WEST PALM BEACH POLICE DEPARTMENT            (FL0500000)
    AGENCY CASE-9120214                        OFFENSE DATE
    CHARGE 001-CONTEMPT OF COURT
            STATUTE/ORDINANCE                   LEVEL-MISDEMEANOR
--CONTINUED--

        SID NUMBER: 2119555   PURPOSE CODE:C            PAGE:  7

  JUDICIAL-
  AGENCY-15TH CIRCUIT COURT - WEST PALM BEACH          (FL0500015J)
    CHARGE 001 -COURT SEQ              COURT NO.-C0034071FA
        SUPPLEMENTAL ARREST DATA-
            STATUS-REARREST    ,OBT 7J00120300  LEVEL-

ARREST   6    07/03/2000   OBTS NO.-1303039001
  ARREST AGENCY-METRO-DADE POLICE DEPARTMENT            (FL0130000)
    AGENCY CASE-0746400                        OFFENSE DATE
    CHARGE 001-FLIGHT-ESCAPE-
            FUGITIVE FROM BROWARD CNTY
            STATUTE/ORDINANCE                   LEVEL-FELONY
            DISP-
--CONTINUED--

        SID NUMBER: 2119555   PURPOSE CODE:C            PAGE:  8

THIS RECORD CONTAINS FLORIDA INFORMATION ONLY. WHEN EXPLANATION OF A CHARGE OR
DISPOSITION IS NEEDED, COMMUNICATE DIRECTLY WITH THE AGENCY THAT CONTRIBUTED
THE RECORD INFORMATION. THIS RECORD MAY ONLY BE USED FOR CRIMINAL JUSTICE
PURPOSES AS DEFINED BY THE CODE OF FEDERAL REGULATIONS.
THIS CONTAINS FLORIDA RECORD ONLY.
UNKNOWN AS TO NATIONAL RECORD STATUS.
END OF RECORD

FCIC Message Ack Received.

DATE:07/13/2000  TIME:08:54  MESSAGE NUMBER:00028

ATTENTION:                          CONTROL:

QR  FLFB1MM01ALFRED                              FISER
            S47443H   CCALLARI


--NCIC--
QR MESSAGE HAS BEEN SENT TO NCIC.
--END--

DATE:07/13/2000  TIME:08:55  MESSAGE NUMBER:00029

ATTENTION:                          CONTROL:


--NCIC--
FL01FLA0092100239
FLFB1MM01
THIS INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
RECORD REQUEST FOR FBI/S47443H. THE FOLLOWING WILL RESPOND TO YOUR
AGENCY:
 FBI              -- FBI/S47443H
END

--END--

DATE:07/13/2000  TIME:08:55  MESSAGE NUMBER:00030

ATTENTION:                          CONTROL:


--NCIC--
4L01FLA0092100239
FLFB1MM01
ATN/CALLARI
THIS RECORD IS BASED ONLY ON THE FBI NUMBER IN YOUR REQUEST S47443H.
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                 - FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                              FBI NO.        DATE REQUESTED
FISER,ALFRED LLOYD                S47443H        2000/07/13

SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    W     1943/09/01  511     144     BLU   BRO   ARKANSAS

FINGERPRINT CLASS   PATTERN CLASS                    CITIZENSHIP
17 TT 01 TT 06      RS LS RS UC RS LS LS LS AU LS    UNLISTED CNTRY
12 TT 02 07 03      AU LS          WU AU AU LS
                    RS AU

1-ARRESTED OR RECEIVED 1970/09/17
   AGENCY-POLICE DEPARTMENT FORT LAUDERDALE (FL0060300)
      AGENCY CASE-ID60664
      CHARGE 1-NO CITY ID CARD

AGENCY-POLICE DEPARTMENT FORT LAUDERDALE (FL0060300)

CHARGE 1-NO CITY ID CARD

COURT-
CHARGE-NO CITY ID CARD
SENTENCE-
W/HELD SENT $2 C 9-26-78

2-ARRESTED OR RECEIVED 1983/09/21
AGENCY-POLICE DEPARTMENT WEST PALM BEACH (FL0500000)
AGENCY CASE-98348 NAME USED-FISER,ALFRED LOYD
CHARGE 1-POSS STOLEN VEHICLE
CHARGE 2-AUTO THEFT
CHARGE 3-WARR VOP ISSUING WORTHLESS CHECKS

COURT-
CHARGE-POSS STOLEN VEHICLE
SENTENCE-
TOT SO W PALM BCH FL
CHARGE-AUTO THEFT
SENTENCE-
TOT SO W PALM BCH FL
CHARGE-WARR VOP ISSUING WORTHLESS CHECKS
SENTENCE-
TOT SO W PALM BCH FL

3-ARRESTED OR RECEIVED 1983/04/06
AGENCY-SHERIFF'S OFFICE WEST PALM BEACH (FL0500000)
AGENCY CASE-84994 NAME USED-FISHER,ALFRED
CHARGE 1-VOP FAIL TO REDELIVER HIRED VEHICLE

4-ARRESTED OR RECEIVED 1983/06/04
AGENCY-SHERIFF'S OFFICE WEST PALM BEACH (FL0500000)
AGENCY CASE-84994 NAME USED-FISHER,ALFRED
CHARGE 1-FTA FAIL TO REDELIVER HIRED VEHICLE

5-ARRESTED OR RECEIVED 1983/09/17
AGENCY-SHERIFF'S OFFICE WEST PALM BEACH (FL0500000)
AGENCY CASE-84994 NAME USED-FISHER,ALFRED
CHARGE 1-FTA FOR STATUS CK FAIL TO REDEL HIRED VEH

6-ARRESTED OR RECEIVED 1991/03/21
AGENCY-POLICE DEPARTMENT WEST PALM BEACH (FL0500000)
AGENCY CASE-91-20214 NAME USED-FISER,ALFRED LOYD
CHARGE 1-COC WARRANT

7-ARRESTED OR RECEIVED 2000/07/03
AGENCY-METRO-DADE PD-CRB MIAMI (FL0130000)
AGENCY CASE-0746400 NAME USED-FISER,ALFRED
CHARGE 1-FLIGHT-ESCAPE-FUGITIVE FROM BROWARD CNTY

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW. IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

END OF RECORD

--END--