rlb                    UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF FLORIDA

               CASE NO. 00-6192-CR-HURLEY\VITUNAC



UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ALFRED FISER,

    Defendant.
_____/

### MOTION TO PERMIT EMPLOYMENT, TO TERMINATE SUPERVISED RELEASE, OR TO IMPOSE JAIL TERM IN LIEU OF SUPERVISION

    The defendant, Alfred Fiser, through counsel, asks that the court (1) allow him to work at the job of his choice while on supervision; (2) terminate his period of supervision; or (3) impose a jail sentence in lieu of supervision with no further supervision, and in support says:

    1. On January 5, 2001, this court imposed a sentence of 37 months imprisonment and three years of supervised release for the offense of bank robbery.

    2. The defendant began his term of supervision on April 4, 2003. On November 3, 2003, the probation officer filed a petition alleging violations of supervision including use of cocaine and discharge from the CARP program.

    3. The defendant admitted the violations of supervision, and requested that he be permitted to go back to the CARP program.



4. On February 22, 2004, this court reinstated the defendant's term of supervision with special conditions of mental health treatment and residence at the CARP halfway house for a term of at least four months.

5. The defendant has been at CARP ever since and has been in compliance with the terms of his supervision. However, he has been unable to secure full-time employment.

6. The defendant wishes to return to work at G & H Parker Construction, Inc. in Riviera Beach. A letter from the employer was filed with the court previously. (Exhibit 1).

7. Both United States Probation Officer Terry Graves and John Conde, the defendant's counselor at CARP, oppose the defendant's return to his previous employment as it was during that employment that the defendant began using drugs.

8. However, in *United States v. Dempsey*, 180 F.3d. 1325 (11th Cir. 1999), the Eleventh Circuit held that the probation officer lacks the authority to impose an occupational restriction as a condition of supervision. (Exhibit 2). It is solely up to the court, then, as to whether the defendant may return to his previous employment.

9. The defendant therefore requests that the court permit him to return to G & H Parker Construction while on supervision. Alternatively, he requests that the court terminate the remainder of his term of supervision. (The defendant's supervision expires on April 3, 2006).

10. Finally, if the court denies both requests, he would prefer to return to jail rather than to continue on supervision. According to United States Probation Officer Terry Graves, the

defendant's guideline range is 3 to 9 months. He recommends a sentence of 9 months with no further supervision.

    KATHLEEN M. WILLIAMS
    FEDERAL PUBLIC DEFENDER

    */s/ Lori Barrist*
    Lori Barrist
    Assistant
    Federal Public Defender
    Attorney for the Defendant
    Florida Bar No. 374504
    400 Australian Ave. N., Suite 300
    West Palm Beach, FL 33401
    Telephone: (561) 833-6288
    Fax: (561) 833-0368

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was mailed this 22nd day of July, 2004 to Assistant United States Attorney Tom Lanigan, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33394; United States Probation Officer Terry Graves, 501 S. Flagler Drive, Suite 400, West Palm Beach, Florida 33401; and to defendant, Alfred Fiser, c/o CARP, 5406 East Avenue, West Palm Beach, FL 33407.

    */s/ Lori Barrist*
    Lori Barrist

3

# EXHIBIT 1



# G & H PARKER CONSTRUCTION, INC.
### 1401 WEST 7TH STREET
### RIVIERA BEACH, FLORIDA 33404
### PHONE: (561) 863-9964   FAX: (561) 863-0804

Nov. 28, 2003

Federal Court
400 Australian Ave
Suite 300
West Palm Beach, Fl.

Re: Al Fiser

To Whomsoever Concern:

My husband and I have known Al Fiser for many years. Al have work for my husband off and on thru the years. Al started back working for my husband durning a good job. Getting jobs and working with co-workers.

We would gladly hire him again.

Yours truly,
Nattie Parker

# EXHIBIT 2

**Westlaw.**

180 F.3d 1325  
12 Fla. L. Weekly Fed. C 1048  
**(Cite as: 180 F.3d 1325)**

Page 1

**C**  
Briefs and Other Related Documents

United States Court of Appeals,  
Eleventh Circuit.

UNITED STATES of America, Plaintiff-Appellee,  
v.  
James DEMPSEY, Defendant-Appellant.

No. 98-5450  
**Non-Argument Calendar.**

July 14, 1999.

Defendant who had been convicted of mail fraud brought motion to terminate or to clarify his term of supervised release, challenging probation officer's imposition of occupational restriction. The United States District Court for the Southern District of Florida, No. 97-8026-T/P-KLR, Kenneth L. Ryskamp, J., denied motion and denied defendant's request for a hearing. Defendant appealed. The Court of Appeals held that probation officer lacks authority to impose occupational restriction as condition of supervised release.

Vacated and remanded.

West Headnotes

**[1] Sentencing and Punishment** ☞1972(2)  
350Hk1972(2) Most Cited Cases  
(Formerly 110k982.5(2))

Probation officer lacks the authority to impose an occupational restriction as a condition of supervised release. 18 U.S.C.A. § 3583(d); U.S.S.G. § 5F1.5, 18 U.S.C.A.

**[2] Sentencing and Punishment** ☞1988  
350Hk1988 Most Cited Cases  
(Formerly 110k982.5(2))

Fact that defendant was required to engage in lawful occupation as condition of his supervised release did not permit probation officer to impose occupational restriction as condition of supervised release. 18 U.S.C.A. § 3583(d); U.S.S.G. § 5F1.5, 18 U.S.C.A.

*1325 Richard Taub, Boca Raton, FL, for Defendant-Appellant.

Bruce Reinhart, Assistant U.S. Attorney, West Palm Beach, FL, Adalberto Jordan, Miami, FL, for Plaintiff-Appellee.

Appeal from the United States District Court for the Southern District of Florida.

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

James Dempsey appeals the district court's refusal to set aside his probation officer's decision to impose an occupational restriction as a condition of his supervised release.

In December 1993, Dempsey was convicted of two counts of mail fraud, in violation of 18 U.S.C. § 1341, for fraudulently obtaining payment for rare coins. He was sentenced in the Eastern District of New York to twelve months and one day of prison to be followed by five years of supervised release. The sentencing court did not impose any occupational restriction as a condition of his supervised release.

In November 1997, jurisdiction over Dempsey during the remainder of his term of supervised release was transferred to the Southern District of Florida. At some point after that transfer, Dempsey's probation officer imposed an occupational restriction as a condition of Dempsey's supervised release which prohibited him from

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

180 F.3d 1325 Page 2
12 Fla. L. Weekly Fed. C 1048
**(Cite as: 180 F.3d 1325)**

engaging in the rare coin business.

In July 1998, Dempsey filed a motion pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure requesting the district court to either modify his supervised release by terminating it, or, alternatively, to clarify the terms of his supervised release by setting aside the probation officer's imposition of the occupational restriction. He also requested the court to conduct a hearing on that motion. The district court denied Dempsey's motion and his request for a hearing. On appeal, Dempsey contends the *1326 district court erred in refusing to set aside the probation officer's imposition of the occupational restriction. [FN1] We agree.

> FN1. Dempsey does not appeal the district court's refusal to terminate his supervised release. He does appeal the district court's refusal to conduct a hearing on his request to set aside the occupational restriction, but that issue is moot in light of our conclusion that the district court erred in refusing to set aside the probation officer's imposition of the occupational restriction.

[1] A probation officer lacks the authority to impose an occupational restriction as a condition of supervised release. Our conclusion in that regard is compelled by the fact that 18 U.S.C. § 3583(d), which authorizes imposition of occupational restrictions as a condition of supervised release, refers exclusively to a *court's* authority to impose occupational restrictions. *See* 18 U.S.C. § 3583(d). Likewise, U.S.S.G. § 5F1.5, which implements Congress' mandate in 18 U.S.C. § 3583(d), authorizes only a court to impose occupational restrictions and restricts its authority to do so to those instances where the *court* specifically finds (1) "a reasonably direct relationship" between the occupational restriction and the conduct relevant to the defendant's offense and (2) the restriction is "reasonably necessary to protect the public" from the possibility the defendant will "continue to engage in unlawful conduct similar to that for which he was convicted." U.S.S.G. § 5F1.5. Congress probably could have chosen to grant probation officers the discretion to impose occupational restrictions, but it did not. The district court therefore erred by refusing to set aside the probation officer's imposition of an occupational restriction.

[2] We are unpersuaded by the government's argument that because Dempsey was required to engage in a lawful occupation as a condition of his supervised release, it was reasonable for the probation officer to conclude Dempsey could not lawfully engage in the coin business in light of his past criminal behavior in that business. As we have already explained, Congress did not leave it to probation officers to decide when it is reasonable to impose an occupational restriction. If the government believes an occupational restriction is justified in Dempsey's case--a matter which we have no occasion to address on this record--it can ask the district court to impose that restriction.

The district court's August 16, 1998 order is VACATED to the extent it refuses to set aside the probation officer's imposition of the occupational restriction. The case is REMANDED for further proceedings in light of this opinion.

180 F.3d 1325, 12 Fla. L. Weekly Fed. C 1048

Briefs and Other Related Documents **(Back to top)**

• 1999 WL 33617688 (Appellate Brief) Reply Brief of Appellant (Apr. 20, 1999)Original Image of this Document (PDF)

• 1999 WL 33611801 (Appellate Brief) Brief for the United States (Apr. 06, 1999)Original Image of this Document (PDF)

• 1999 WL 33612171 (Appellate Brief) Initial Brief of Appellant (Mar. 04, 1999)Original Image of this Document (PDF)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works